UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DOMINIC MARROCCO,

Plaintiff,

v.

DAVID JOHNSTON, *et al.*,

Defendants.

Case No. 2:18-cv-02441-JAD-GWF

**ORDER**

This matter is before the Court on Defendant's Motion to Compell (sic) (ECF No. 12) and Motion to Show Cause (ECF No. 13), filed on January 22, 2019. Defendant appears to allege that Plaintiff filed the instant action with unlawful and malicious intent and should therefore be compelled to appear before the Court and answer a series of questions related to this matter.

The Plaintiff initiates the scheduling of a discovery conference pursuant to Fed. R. Civ. P. 26(f) to be held within *30 days after* the first defendant answers or otherwise appears. Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order as required by Fed. R. Civ. P. 16(b). The stipulated discovery plan shall include the following information: (1) discovery cut-off date; (2) amended the pleadings, and adding parties; (3) expert disclosure deadlines; (4) dispositive motions; and (5) pretrial order; (6) disclosures; (7) alternative dispute resolution; (8) alternative forms of case disposition; (9) electronic evidence; and (10) form of order. LR 26-1.

All motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it. Discovery motions will *not* be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f)

1

before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. LR 26-7.

The Complaint (ECF No. 1) in this matter was filed on December 31, 2018. Defendant filed his Answer (ECF No. 6) on January 22, 2019. To date, the parties have not filed a stipulated discovery plan. However, they have up and until March 8, 2019 to do so. Therefore, Defendant's motion is premature as no discovery has commenced in this action. Moreover, a party may not file a motion to compel a party to answer questions unless he has used one or more of the discovery devises authorized under the Federal Rules of Civil Procedure, such as interrogatories, or a deposition. Only if a party has refused or failed to respond to proper discovery requests, may a party file a motion to compel answers or responses. Defendant must familiarize himself with and comply with the Federal Rules of Civil Procedure and Local Court Rules. [1] Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compell (sic) (ECF No. 12) and Motion to Show Cause (ECF No. 13) are **denied**.

Dated this 25th day of January, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the local court rules may be found on the Court's website at: https://www.nvd.uscourts.gov/wp-content/uploads/2017/09/Local-Rules-of-Practice.pdf