# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Dominic Marrocco, | Case No.: 2:18-cv-02441-JAD-GWF |
| Plaintiff | |
| v. | **Order** |
| David Johnston; Equiinet, Inc.; Does and Roe Companies I–X | [ECF Nos. 9, 10] |
| Defendants | |

Dominic Marrocco sues pro se defendant David Johnston and his company Equiinet, Inc. for slander and intentional infliction of emotional distress, alleging that Johnston used social media to publish false claims that Marrocco committed crimes.[1] Johnston has vigorously responded with an answer and counterclaims,[2] an emergency motion to stay an unrelated state-court eviction action,[3] and a motion to dismiss.[4]

In his emergency motion to stay, Johnston asks this court to enjoin an unrelated summary-eviction process pending against him in the state justice court.[5] The Anti-Injunction Act generally bars federal courts from granting injunctions to stay proceedings in state courts.[6] The Act provides that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where

---

[1] ECF No. 1.
[2] ECF No. 6.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 9.
[6] *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 142 (1988).

necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[7] Johnston has not suggested—let alone demonstrated—how this court's order enjoining a state-court eviction proceeding is not prohibited by the Anti-Injunction Act. So I deny his emergency motion to stay that eviction proceeding.

Johnston also moves to dismiss Marrocco's claims in a seven-line motion in which he offers conclusory statements that Marrocco failed to state a claim, filed his claims for unlawful purpose or with knowledge that they are false or retaliatory. This district's local rules require that all motions "be supported by a memorandum of points and authorities,"[8] and Johnston's motion to dismiss lacks such support. I could deny this motion on this basis alone.

But even if I overlook this procedural deficiency, Johnson's motion fails because he has not demonstrated a basis to dismiss Marrocco's claims. Johnston offers only conclusory statements about the sufficiency of Marrocco's claims without citing to, or addressing any specific allegation or claim in, the complaint. This effort is simply insufficient to permit the court to determine what the claimed defects in these claims are. Accordingly, Johnston's motion to dismiss is denied.

IT IS THEREFORE ORDERED that:

- Johnston's Emergency Motion to Stay **[ECF No. 9] is DENIED**; and
- Johnston's Motion to Dismiss **[ECF No. 10] is DENIED**.

Dated: January 28, 2019

                                              U.S. District Judge Jennifer A. Dorsey

---

[7] 28 U.S.C. § 2283.
[8] L.R. 7-2(a).

2