# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Dominic Marrocco, | Case No.: 2:18-cv-02441-JAD-GWF |
| Plaintiff | **Order Resolving Pending Motions** |
| v. | [ECF Nos. 16, 35, 38, 47, 81, 87] |
| David Johnston, et al., | |
| Defendants | |

Dominic Marrocco sues pro se defendant David Johnston and his company Equiinet, Inc. for slander and intentional infliction of emotional distress, alleging that Johnston used social media to publish false claims that Marrocco committed crimes.[1] Johnston vigorously responded with an answer and counterclaims,[2] an emergency motion to stay an unrelated state-court eviction action,[3] a motion to dismiss,[4] and crossclaims against Equiinet.[5]

I denied Johnston's motions to stay the state-court action and to dismiss. The parties continued to litigate the case over the past four months and the docket has ballooned to over 90 entries. This order resolves six of the pending motions: Marrocco's motions to dismiss Johnston's counterclaims[6] and to strike the notice of removal,[7] and Johnston's motions to

---

[1] ECF No. 1.
[2] ECF Nos. 6, 31.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 78.
[6] ECF No. 16.
[7] ECF No. 47.

consolidate,[8] to file excess pages in response to the motion to dismiss,[9] for judgment on the pleadings,[10] and for default judgment.[11]

## Analysis

**A.    Marrocco's motion to dismiss**

Johnston's answer contains a section titled "Counter Claims," in which he accuses Marrocco and two third parties of various misconduct. Marrocco moves to dismiss the counterclaims, arguing that Johnston improperly added the third parties and that he fails to state a claim for which relief can be granted. Johnston responds that his allegations are sufficient and that the new parties should be added as co-plaintiffs because they are jointly and severally liable for the conduct Johnston alleges in his counterclaims.[12]

**1.    The third parties were improperly added and are dismissed with prejudice.**

Johnston opens his counterclaim section by asserting that Claudia Alberto-Perez and Wolfe Thompson should be added to the case as plaintiffs because they are close with Marrocco and could be jointly and severally liable for the counterclaims he asserts against Marrocco.[13] Marrocco argues that the claims against Alberto-Perez and Thompson should be dismissed

---

[8] ECF No. 38.

[9] ECF No. 35.

[10] ECF No. 81.

[11] ECF No. 87.

[12] ECF No. 26. Johnston's response, at 39 pages, far exceeds the page limits for responses to motions to dismiss as permitted under the local rules. The motion appears unopposed, so I grant it. But Johnston is cautioned that he must follow the local rules and the Federal Rules of Civil Procedure in the future. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

[13] ECF No. 31 at 7–8.

2

because both of these newly added parties are Nevada citizens, so there is therefore no diversity between them and Johnston.[14] Johnston does not respond to this argument and only re-asserts his argument that the proposed new parties are jointly and severally liable.[15]

It is unclear whether Johnston seeks to add these parties under Federal Rule of Civil Procedure 14(a) or 13(h). Rule 14(a) allows for the filing of a third-party complaint "on a nonparty who is or may be liable to [the third-party plaintiff] for all or part of the claim against [the third-party plaintiff]."[16] But a third-party claim may be asserted under this rule only when the third party's liability depends on the outcome of the main claim and is secondary or derivative.[17] Johnston doesn't seek indemnification or contribution from Alberto-Perez or Thompson in his counterclaim, so he cannot sue them under Rule 14(a).

The only other possibility is that Johnston seeks to join Alberto-Perez and Thompson under Rule 13(h). To add parties under this rule, defendants must show that the court has an independent basis of jurisdiction over the new parties.[18] "Federal district courts are courts of limited jurisdiction . . . ."[19] For a federal court to hear a civil action, the claims alleged must trigger one of the two legally recognized bases for federal-court jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332. So,

---

[14] ECF No. 16.

[15] ECF No. 26.

[16] Fed. R. Civ. P. 14(a).

[17] *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

[18] *Danner v. Himmelfarb*, 858 F.2d 515, 522 (9th Cir. 1988); *Safeco Ins. Co. of Am. v. Guyton*, 692 F.2d 551, 555 (9th Cir. 1982).

[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

3

Johnston must establish diversity of citizenship between himself and Alberto-Perez and Thompson under § 1332 since he has not raised a federal question under § 1331.[20]

But diversity jurisdiction under § 1332(a)(1) doesn't exist because Alberto-Perez and Thompson, like Johnston, are Nevada residents.[21] I therefore grant Marrocco's motion to dismiss the claims against these improperly added parties. And because no amendment would cure this jurisdictional defect, I dismiss these parties with prejudice. And because the third parties are no longer in this case, I deny as moot Johnston's motion for entry of clerk's default against them.[22]

**2.   Johnston's counterclaims against Marrocco are dismissed without prejudice.**

Marrocco also argues that Johnston's counterclaims fail to state a claim upon which relief can be granted. Johnston responds that his allegations are sufficient under Rule 8. That rule requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[23] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[24] The complaint must set forth coherently "who is being sued, for what relief, and on

---

[20] As discussed in more detail below, the way Johnston has formatted his counterclaims makes it hard to tell exactly what his claims are. But from the conduct alleged, it appears that he intends to bring various fraud- and breach-of-contract-based state-law claims. Regardless, he has not alleged violation of any federal statute or provision of the U.S. Constitution.

[21] In briefing for other pending motions, Johnston has argued against the idea of a lack of diversity because he was not a Nevada resident at the time of the actions in his complaint. However, citizenship for jurisdictional purposes is determined at the time of filing, not at the time that the events occurred. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004).

[22] ECF No. 87.

[23] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

what theory, with enough detail to guide discovery."[25]  "Factual allegations must be enough to rise above the speculative level."[26]  To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[27]

Johnston's counterclaims are little more than bare accusations against Marrocco and the proposed additional parties.  He does not lay out who is being sued, for what, and on what theory as Rule 8 requires.  These are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that cannot survive scrutiny under Rule 12(b)(6).[28]  Without knowing what his counterclaims are, I cannot determine whether Johnston has alleged sufficient facts to support them and Marrocco cannot mount a defense to them.  So, I grant Marrocco's motion to dismiss Johnston's counterclaims.

But I am not yet convinced that Johnston can plead no set of facts that would entitle him to relief, so I grant him leave to amend his counterclaims against Marrocco only.  If Johnston choses to amend, he is cautioned that an amended pleading supersedes the original, so the amended counterclaim must be complete in itself.[29]  Johnston's amended counterclaims must therefore contain all claims and factual allegations that he wishes to pursue in this lawsuit.  He must file the amended counterclaims on this court's approved pro se civil complaint form, cross out the word "Complaint" and write the words "Amended Counterclaim" above it in the caption,

---

[25] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).

[26] *Twombly*, 550 U.S. at 555.

[27] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[28] *Id.* at 678.

[29] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

5

and follow the instructions on the form. In each count, he must allege true facts sufficient to show that Marrocco violated the right at issue. If Johnston chooses to file an amended counterclaim, he must do so by June 14, 2019. If he does not file an amended counterclaim by this deadline, his counterclaims will be deemed abandoned and dismissed with prejudice.

**B.     Johnston's motion to consolidate and Marrocco's motion to strike notice of removal**

One month after filing his answer and counterclaims, Johnston moved to consolidate two cases into this one.[30] The first case is a defamation case filed by Wolfe Thompson against Johnston in state court. The second is a patent case in front of Judge Navarro that Johnston filed against Viva Capital, LLC in early 2019. Johnston argues that because his counterclaims are against parties involved in the state-court and patent cases, all three cases should be combined to avoid waste of time and resources. While that motion was pending, Johnston filed notice that he was removing the state-court defamation case referenced in his motion to consolidate onto the docket of this case.[31] Marrocco opposes the motion to consolidate,[32] and moves to strike the notice of removal.[33]

First, I deny Johnston's motion to consolidate the state-court case, grant Marrocco's motion to strike the notice of removal, and remand that case back to state court because the federal court lacks jurisdiction over that case. Under 28 U.S.C. § 1441(b)(2), if a case is removed based on diversity jurisdiction, it cannot be removed if the defendant "is a citizen of the State in which such action is brought." Because Johnston is both a defendant in the state-court case and a citizen of Nevada, he cannot remove that state-court case to federal court.

---

[30] ECF No. 38.
[31] ECF No. 46.
[32] ECF No. 40.
[33] ECF No. 47.

Johnston argues that he was "not a resident of Nevada until June 2018 and many of [his] claims against Thompson happened prior to [him] becoming a resident of Nevada."[34] But citizenship for jurisdictional purposes is determined at the time of a case's filing,[35] and it doesn't matter where Johnston lived at the time of the underlying injury.[36] Johnston admits that he lives in Nevada now and has not argued any other basis for federal jurisdiction over the state-court case. So, I grant the motion to strike the notice of removal and remand the case (number A-19-786815-C) back to state court.

There is also no basis to consolidate Johnston's patent case into this one. Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." District courts enjoy "broad discretion" in determining whether consolidation is appropriate.[37] When exercising this discretion, courts must "weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."[38]

There is no reason to consolidate this case with Johnston's patent case. The issues in both cases are completely different: the case before me presents a simple defamation issue with counterclaims that all appear to be state-law claims; in contrast, the case before Judge Navarro is a patent-infringement issue against Viva Capital, LLC, an entity that is not a party to this case. While Johnston argues that he has raised allegations of misconduct by Marrocco in that case, the misconduct alleged is wholly unrelated to the issues in the case before me. Consolidating the

---

[34] ECF No. 61 at 3.
[35] *Grupo*, 541 U.S. at 570–71.
[36] *Id.*
[37] *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).
[38] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

7

cases would not save time or effort, the cases do not share questions of law, and the questions of fact that may overlap between the cases are minimal in comparison. I therefore deny Johnston's motion to consolidate his patent case with this one.

**C.     Johnston's motion for judgment on the pleadings**

Johnston has also moved for judgment on the pleadings, arguing that because default judgment has been entered against Equiinet, he is entitled to dismissal of Marrocco's claims and a judgment against Equiinet on his crossclaims. It is unclear under what rule Johnston moves—his motion's caption references Rules 12(b), 12(c), and 60, with no legal standard for or case law interpreting any of these rules cited in his argument—but it appears that he is seeking (1) dismissal or judgment on the pleadings under Rule 12(c) for Marrocco's claims and (2) an entry of default judgment for his crossclaim against Equiinet.

"Judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."[39] In ruling on a Rule 12(c) motion, the court may not consider extrinsic evidence unless the motion is converted into a Rule 56 motion for summary judgment.[40] Johnston's motion is not one for summary judgment, and I will not consider the exhibits submitted with Marrocco's response because doing so would convert it into one.

Johnston argues that because all the conduct he allegedly engaged in was in his "official corporate capacity granted from Equiinet Inc in bylaws" he cannot be held personally liable.[41] Johnson suggests that he is entitled to immunity based on his actions as Equiinet's president,

---

[39] *Rose v. Chase Bank, USA, N.A.*, 513 F.3d 1032, 1036 (9th Cir. 2008) (internal citation omitted).

[40] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

[41] ECF No. 81 at 2.

8

arguing that because the alleged statements were damaging to Marrocco's business reputation, they must have been made in the course of business, which means that he is entitled to immunity as Equiinet's president.  But none of this is apparent from the face of Marrocco's complaint and Johnston cites no law that would establish that this type of immunity (1) exists and (2) applies to this case.  Thus, Johnston fails to show that he is entitled to judgment on the pleadings for Marrocco's defamation claim.

As to Johnston's argument that he is entitled to judgment in his favor on his crossclaim against Equiinet, it does not appear that the crossclaim was ever served.  So, I deny his motion.

## Conclusion

IT IS THEREFORE ORDERED that Marrocco's motion to dismiss Johnston's counterclaims **[ECF No. 16] is GRANTED**.  **Johnston's counterclaims against Alberto-Perez and Thompson are dismissed with prejudice.  His counterclaims against Marrocco are dismissed without prejudice and with leave to amend**.  If Thompson chooses to file an amended counterclaim curing the deficiencies outlined in this order, he must use the approved pro se civil complaint form, crossing out the word "Complaint" in the caption and writing "Amended Counterclaim" in its place.  Johnston must file his amended counterclaim by June 14, 2019.  If he fails to do so, his counterclaims will be dismissed with prejudice.

IT IS FURTHER ORDERED that Johnston's motion to file excess pages **[ECF No. 35] is GRANTED** and his motion for default judgment **[ECF No. 87] is DENIED as moot**.

IT IS FURTHER ORDERED that Johnston's motion to consolidate **[ECF No. 38] is DENIED**.  Marrocco's motion to strike the notice of removal **[ECF No. 47] is GRANTED**. **The state-court case, number A-19-786815-C, is REMANDED to the Eighth Judicial District Court in Clark County, Nevada.**

1 | IT IS FURTHER ORDERED that Johnston's motion for judgment on the pleadings **[ECF No. 81] is DENIED**.

Dated: May 15, 2019

_____
U.S. District Judge Jennifer A. Dorsey