UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DOMINIC MARROCCO, | Case No. 2:18-cv-02441-JAD-GWF |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| DAVID JOHNSTON, *et al*., | |
| Defendants. | |

This matter is before the Court on several motions filed by the Defendant. Defendant's Motion to Alter Order Denying Defendant's Motion to Compell [sic] Disclosure (ECF No. 75) was filed April 18, 2019. Plaintiff filed his Response (ECF No. 84) and Defendant filed his Reply (ECF No. 89) on April 29, 2019. Defendant's Second Motion for Appointment of Counsel (ECF No. 82) was filed on April 28, 2019. Plaintiff filed his Response to Defendant's Motion for Appointment of Counsel (ECF No. 83) and Defendant filed his Reply (ECF No. 85) on April 29, 2019.

In support of his Motion for Reconsideration, Defendant contends that the Court should be more lenient with him because he is appearing pro se and should have understood that Defendant's prior motion relied on Fed. R. Civ. P. 26(a)(1), even if Defendant did not cite the authority himself. Plaintiff asserts that no formal requests have been made aside from the Request for Admission, which were mailed. Plaintiff further indicates the parties have not stipulated to service of discovery via email.

A pro se litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Hanines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a pro se litigant must comply with the federal rules. *King v. Atiyeh*, 814 F. 2d 565, 567 (9th Cir. 1986). Pursuant

1

1  to Fed. R. Civ. P. 26(a)(1), a party must, without awaiting a discovery request, provide to other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information; a copy or a description by category and location of all documents in its possession, custody or control. Thus, both parties have an obligation, without waiting for a formal discovery requests, to serve initial disclosures. To the extent, this has not yet happened, both parties are directed to immediately make their respective initial disclosures. Should any dispute arise related to the initial disclosures the parties are advised to meet and confer prior to filing a motion with the Court.

Defendant also requests the Court appoint counsel to assist in his defense of this matter. Defendant argues that the Court erred in not previously appointing counsel because he does not have the financial means to obtain counsel and this case presents complex issues. *Motion* (ECF No. 82) 1-2. A litigant in a civil action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney represent an indigent civil litigant. The circumstances in which a court will grant such a request are exceedingly rare and are only granted under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is outcome determinative but must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Defendant's instant motion does not present the extraordinary circumstances which justify the appointment of counsel. First, Plaintiff's case is not legally complex as the claims relate to slander and defamation. The fact the Defendant has a differing version of events that gave raise to Plaintiff's Complaint does not make this case unique enough to justify appointment of counsel. Moreover, Defendant has demonstrated that he is capable of articulating his arguments as evidenced by the various motions he has filed with the Court. Accordingly,

1     **IT IS HEREBY ORDERED** that the Defendant's Motion to Alter Order Denying
2 Defendant's Motion to Compell [sic] Disclosure (ECF No. 75) and Defendant's Motion for
3 Appointment of Counsel (ECF No. 82) are **denied**.
4     Dated this 12th day of June, 2019.

*[signature: George Foley Jr.]*
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE