**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Dominic Marrocco, | Case No.: 2:18-cv-02441-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Pending Motions & Referring Action for Mandatory Settlement Conference** |
| David Johnston, et al., | |
| Defendant | [ECF Nos. 102, 107, 115] |

Dominic Marrocco sued pro se defendant David Johnston and his company Equiinet, Inc. for slander and intentional infliction of emotional distress, alleging that Johnston used social media to publish false claims that Marrocco had committed crimes.[1] The parties have buried each other in motions for two years, but the basis of Marrocco's lawsuit remains hazy at best. The parties now cross move for dispositive rulings on Marrocco's claims, and Johnston seeks clarification of my latest dismissal order on his counterclaims against third parties he sought to join. Because both parties fail to demonstrate the legal and factual basis supporting the relief they seek, I deny the motions and order the parties to participate in a mandatory settlement conference with the magistrate judge.

**Discussion**

**I.    Johnston's motion to clarify [ECF No. 103]**

I previously granted in part Johnston's motion for reconsideration of my decision to dismiss with prejudice his counterclaims against Claudia Alberto-Perez and Wolfe Thompson and to dismiss without prejudice his counterclaims against Marrocco.[2] In the reconsideration

---

[1] ECF No. 1.
[2] ECF No. 102.

order, I explained that the dismissal of the claims against Alberto-Perez and Thompson should have been without prejudice because dismissals for lack of jurisdiction should be without prejudice.[3]  Johnston now moves for clarification of that order.[4]  He asks whether the order affected my earlier, without-prejudice dismissal of the counterclaims against Marrocco—that dismissal converted into a with-prejudice dismissal after Johnston let the one-month amendment window expire.[5]  Johnston also asks for further instruction about which counterclaims survive my rulings and which he can file anew in state court, among other requests.  While I am sympathetic to his lack of legal training and pro se status, I have sufficiently explained the reasoning for my rulings in the orders addressing his counterclaims, and the court does not give legal advice.  His motion is denied.

## II.     Johnston's motion to dismiss [ECF No. 107]

Johnston also moves to dismiss with prejudice all of Marrocco's claims against him, to sanction Marrocco and his counsel for "misrepresenting facts and lying by omission" to prevent Johnston from obtaining relief from eviction, to refer Marrocco's counsel to state and federal authorities for investigation, and for various declaratory rulings.[6]  I construe Johnston's motion as one under Rule 12(b)(6) because he argues that Marrocco's "claims do not state sufficient grounds for relief."[7]  But I cannot apply that dismissal standard because Marrocco fails to mount

---

[3] *Id*. at 7 (citing *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be without prejudice so that a plaintiff may reassert his claims in a competent court.'") (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).

[4] ECF No. 103 at 2–3.

[5] ECF No. 102.

[6] ECF No. 107 at 2–3.

[7] *Id*. at 10.

a proper challenge to the claims in Marrocco's complaint. He argues in passing that no liability can lie against him because he is immune as a corporate actor under Nevada Revised Statute (NRS) § 78.139. That statute provides that "directors and officers, in deciding upon matters of business, are presumed to act in good faith . . . ." But this presumption does not give blanket immunity. Even if it could, the motion lacks any discernable explanation of how NRS § 78.139 applies to the specific claims that Marrocco raises in his complaint: slander per se, slander by implication, and intentional infliction of emotional distress.[8] Because Johnston hasn't developed any viable dismissal argument, I deny his motion.

### III.     Marrocco's motion for summary judgment [ECF No. 115]

The lack of a developed argument also dooms Marrocco's motion for summary judgment on his defamation claims.[9] In his counseled, three-page motion, Marrocco cites to two benchmark United States Supreme Court cases—*New York Times Co. v. Sullivan*, in which the Court held that a public official who brings a defamation claim must show that the defendant acted with actual malice,[10] and *Gertz v. Robert Welch, Inc.*, in which the Court applied a negligence standard to a defamation claim involving private parties[11] —and argues that his "case involves the intersection between *Sullivan* and *Gertz*."[12] Where is the intersection? What does it mean for his case? Marrocco doesn't say.

---

[8] ECF No. 1 (complaint).

[9] Marrocco appears to limit this motion to his defamation claims (counts 1, 2, and 3), as he does not mention his claim for intentional infliction of emotional distress.

[10] *New York Times Co. v. Sullivan*, 376 U.S. 254, 282–83 (1964).

[11] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).

[12] ECF No. 115 at 2.

3

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[13] The moving party bears the initial burden of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[14] When the plaintiff bears the burden of proof at trial "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[15] The plaintiff must establish "beyond controversy every essential element of its" claim in order to avoid trial and prevail on summary judgment.[16]

Marrocco's motion does not come close to meeting this standard. His three-page submission lacks legal authority and facts establishing the elements of his claims. Though he attaches an affidavit for support, and, in it, he swears that the 40-plus-page exhibits contain the necessary facts, "'[j]udges are not like pigs, hunting for truffles buried in briefs.'"[17] Because Marrocco has failed to sustain his burden under FRCP 56 to demonstrate his entitlement to summary judgment by applying the law to the facts, I deny his motion for summary judgment.

---

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[14] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[15] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir.1992) (citation and quotations omitted)).

[16] *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

[17] *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

**Conclusion**

IT IS THEREFORE ORDERED that the defendant's motion to clarify **[ECF No. 103] is DENIED.**

IT IS FURTHER ORDERED that the defendant's motion to dismiss **[ECF No. 107] is DENIED.**

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment **[ECF No. 115] is DENIED.**

IT IS FURTHER ORDERED that **this case is REFERRED to the magistrate judge to schedule a MANDATORY SETTLEMENT CONFERENCE**. The parties' obligation to file their joint pretrial order is STAYED until 10 days after that settlement conference.

DATED July 20, 2020.

_____
United States District Judge Jennifer A. Dorsey