UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DOMINIC MARROCCO,<br><br>   Plaintiff,<br><br>v.<br><br>DAVID JOHNSTON,<br><br>   Defendant. | Case No. 2:18-cv-02441-JAD-EJY<br><br>**ORDER**<br>Re: ECF Nos. 133, 142, 145, 149<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION**<br>Re: ECF No. 138 |

Pending before the Court are Pro Se Defendant's "Motion for Discovery" (ECF No. 133), Defendant's "Motion to Dismiss for Prejudicial Discovery Violations" (ECF No. 138), Defendant's Request for Judicial Notice (ECF No. 145), Plaintiff's Counter Motion for Attorney's Fees (ECF No. 142), and Plaintiff's Motion for Protective Order (ECF No. 149). The Court has considered each Motion, Response, and Reply. The Court finds as follows.

**I.     RELEVANT BACKGROUND**

The instant defamation case was filed in December 2018. ECF No. 1. On March 14, 2019, Magistrate Judge Foley (Ret.) entered a discovery Order setting August 20, 2019 as the discovery cut-off date. ECF No. 55. On March 6, 2019, Plaintiff served his initial disclosures, listing only himself and Defendant as individuals likely to have discoverable information to support his defamation claim. *See* ECF No. 136-2. Defendant, on the other hand, served initial disclosures listing 32 potential witnesses. *See* ECF No. 136-1. Defendant also noted that "Plaintiff holds the contact records for…all the witnesses mentioned below. Defendant requested their contact data be provided." *Id.* Defendant then sent email requests to Plaintiff's counsel, seeking the contact information of the witnesses listed on his initial disclosures.[1] *See* ECF Nos. 67-2, 67-4. On March 25, 2019, Defendant filed an "Emergency Motion" to Compel, alleging that Plaintiff never responded to his request for contact information for the witnesses listed in his initial disclosures.

---

[1]     In earlier Motions Defendant asserted that he believed Plaintiff's counsel had agreed to accept service of discovery via email. *See* ECF No. 75 at 4. Plaintiff later contested that assertion. ECF No. 84.

ECF No. 64.  Judge Foley denied Defendant's Motion, finding that Defendant never formally requested the discovery he sought.  Judge Foley also suggested that Defendant familiarize himself with the Federal Rules of Civil Procedure, particularly those regarding discovery procedures.  ECF No. 70.  In June, Defendant filed a Motion for Reconsideration of Judge Foley's decision, arguing that Plaintiff had a duty, pursuant to Federal Rule of Civil Procedure 26, to supplement his initial disclosures with the names and contact information of relevant witnesses, even if Defendant failed to formally request the information.  ECF No. 75.  Judge Foley denied this Motion too, again calling on Defendant to review the federal discovery procedures and reminding both parties that, if they have concerns with the sufficiency of the other party's initial disclosures, they must meet and confer before filing another motion.  ECF No. 93.  Plaintiff did not supplement his initial disclosures, and Defendant did not file another motion to compel during the discovery period.

After the close of discovery, the case continued along its normal course.  On June 20, 2020, Judge Dorsey denied Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss, and ordered the parties to participate in a mandatory settlement conference.  ECF No. 122.  The Court held a settlement conference on October 14, 2020, but no settlement was reached.  ECF No. 132.  One week later, Plaintiff filed his unilateral Proposed Pretrial Order,[2] listing seven potential trial witnesses including himself, the Defendant, and five other individuals: Wolfe Thompson, John Hanna, Scott Navratil, Ben Navon, and Claudia Perez.  ECF No. 135.  The Proposed Pretrial Order lists the P.O. Box for Wolfe Thompson, who is one of Plaintiff's attorneys *and a potential trial witness in this case,* as each witnesses' contact address.  All five of these additional witnesses were on the list of people whose contact information Defendant unsuccessfully sought to obtain from Plaintiff during the discovery period.  None of them were listed in Plaintiff's initial disclosures.  The Proposed Pretrial Order also included a list of evidence consisting largely of documents created by Defendant and emails between Defendant and the listed witnesses.  *Id*.

---

[2]  Defendant declined to file a joint proposed pretrial order.  *See* ECF No. 135 at 1 n.1, ECF No. 133 at 6.

## II.   DISCUSSION

A.   <u>Defendant's Motion for Discovery is Granted in Part and Denied in Part</u>.

On October 25, 2020, fourteen months after the close of discovery, Defendant filed a "Motion for Discovery." ECF No. 133. Through this Motion, Defendant again seeks the contact information of the witnesses listed in Plaintiff's Proposed Pretrial Order. Liberally construed, Defendant is seeking a range of sanctions for Plaintiff's failure to disclose under Federal Rule of Civil Procedure 37(c)(1). Defendant contends that he should have been given this information earlier as part of Plaintiff's Rule 26(a) and Rule 26(e) duties to unilaterally provide and supplement initial disclosures. *Id*. at 2-3. Defendant claims that Plaintiff is "the sole custodian" of the contact information he seeks and "instructed all witnesses to refuse any and all communications" with Defendant. ECF No. 137 at 2. Defendant also believes that Plaintiff is now obstructing access to the witnesses because the Proposed Pretrial Order lists Wolfe Thompson's P.O. Box as each witnesses' contact addresses. ECF No. 133 at 4-5. Finally, Defendant claims that Plaintiff "cites additional evidence not yet disclosed to Defendant," but does not specify to which evidence he refers. *Id*. at 2.

In relief, Defendant seeks an order reopening discovery with October 26, 2021 as the new close of discovery. *Id*. at 8. Defendant claims that he intends to serve "interrogatories and questionnaires" on the listed witnesses and seek additional discovery from other third-party sources. *Id.* at 6, *see also* ECF No. 134 (Defendant's "Notice of FBI FIOPA Request"). Defendant further seeks an order compelling Plaintiff to provide the full contact information of all potential witnesses and "to provide other required discovery, and prior requested discovery…" not already produced. *Id*. at 8. In the alternative, Defendant requests that Plaintiff should be barred from using "any undisclosed evidence or Witnesses not previously properly disclosed during the Discovery period." *Id*. at 5.

Shortly after Defendant filed his Motion for Discovery, he filed a "Motion to Dismiss for Prejudicial Discovery Violations." ECF No. 138. Defendant contends that Plaintiff's failure to provide witness contact information has irreparably prejudiced his defense and, therefore, that case-dispositive sanctions are warranted. *Id*.

3

1  Plaintiff objects to all of Defendant's requested relief. Plaintiff contends that Defendant
2  knew of the existence of Plaintiff's potential trial witnesses throughout discovery. ECF No. 136 at
3  10-11. Plaintiff also contends Defendant did not diligently pursue this information during discovery
4  and therefore is not entitled to any relief. Plaintiff notes that all documentary evidence listed in his
5  Proposed Pretrial Order was provided to Defendant as exhibits to Plaintiff's discovery requests. *Id.*
6  at 11.

7  Federal Rule of Civil Procedure 16 gives District Courts broad discretion to manage
8  discovery. *Hunt v. Orange Cty.*, 672 F.3d 606, 616 (9th Cir. 2012). "This discretion extends to
9  crafting discovery orders that may expand, limit, or differ from the relief requested." *Cancino*
10 *Castellar v. McAleenan*, Case No. 13-cv-491-BAS-AHG, 2020 WL 1332485, at *4 (S.D. Cal. Mar.
11 23, 2020) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (trial court has "broad discretion
12 to tailor discovery narrowly and to dictate the sequence of discovery")).

13 Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information
14 or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information
15 or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was
16 substantially justified or is harmless." Courts "may impose other appropriate sanctions" instead of
17 or in addition to the sanction of excluding witnesses that were not properly disclosed. Fed. R. Civ.
18 P. 37(c)(1)(c). The Ninth Circuit gives "particularly wide latitude to the district court's discretion
19 to issue sanctions under Rule 37(c)(1), which is a recognized broadening of the sanctioning power."
20 *Ollier v. Sweetwater Union High Schl. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (internal citations
21 and quotations omitted). Courts have used Rule 37(c) to impose the sanction of reopening discovery
22 when warranted. *See e.g.*, *Bonzani v. Shinseki*, Case No. 11-cv-0007-EFB, 2014 WL 66529, at *5
23 (E.D. Cal. Jan. 8, 2014) (reopening discovery for moving party to cure opposing party's Rule 26
24 violation); *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 700 (S.D. Ga. 2019) (same).

25 The decision to reopen discovery rests in the sound discretion of the court. *U.S. ex rel*
26 *Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *cert. granted in part*, 519 U.S.
27 926, *vacated on other grounds*, 520 U.S. 939 (1997). Courts consider numerous factors when
28 deciding whether to reopen discovery, including (1) whether trial is imminent; (2) whether the

request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in pursuing discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery; and (6) the likelihood that the discovery will lead to relevant evidence. *Id*.

Further, a party seeking to reopen discovery after the deadline must show "excusable neglect." *See* Fed. R. Civ. Pro. 6(b)(1)(B); LR 6-1(b). The determination of whether an act or omission constitutes excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Committee v. Cost*, 92 F.2d 814, 825 (9th Cir. 1996). "Relevant circumstances to consider include: (1) the danger of prejudice to other parties; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith." *Randazza v. Cox*, Case No. 12-cv-02040-JAD-PAL, 2014 WL 12789627, at *2 (D. Nev. Dec. 30, 2014) (citing *United States ex rel. Army Athletic Ass'n v. Reliance Insurance, Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986)).

First, the Court must determine whether Plaintiff failed to provide complete initial or supplemental disclosures under Federal Rule of Civil Procedure 26(a) or (e). Plaintiff listed only himself and Defendant as relevant witnesses in his initial disclosures, and never supplemented those disclosures. For the first time in his Proposed Pretrial Order, Plaintiff affirmatively disclosed the five at-issue witnesses and a way to contact them. This omission is particularly troubling since Thompson, Plaintiff's attorney, appears to have been serving as the point of contact for the listed witnesses for some period of time, but waited filing a pretrial order to disclose that information.[3]

Plaintiff does not provide any justification for his incomplete disclosures. Rather, Plaintiff argues that he did not violate his Rule 26 disclosure duties, relying on Rule 26(e)'s exception to

---

[3] For the first time in a footnote to his Counter Motion for Attorney's Fees and Response to Defendant's Motion to Dismiss, Plaintiff now contends that Thompson became point of contact for the witnesses after alleged run-ins with Defendant at their offices. ECF No. 141 at 8 n.53. Plaintiff admits that he is unaware if Thompson is formally retained as counsel for any of the witnesses. Plaintiff also does not say *when* these run-ins allegedly occurred. However, Defendant claims Plaintiff is referring to incidents that occurred in 2018. *See* ECF No. 143 at 9-10. If Defendant and Plaintiff are referring to the same set of incidents, which it appears they are, Thompson would have been serving as the witnesses' point of contact since the inception of this case. This conclusion is supported by the fact, mentioned in various filings by both parties, that Thompson at one point served as counsel for the business for which the witnesses worked.

5

disclosure "if the additional and corrective information has [] otherwise been made known to the other parties during the discovery process or in writing." FRCP 26(e)(1)(A). Plaintiff contends that Defendant already knew about the witnesses and their relevance to this case, as shown by Defendant's initial disclosures listing the witnesses, and through Plaintiff's various discovery requests that included attachments of allegedly defamatory emails that Defendant sent the witnesses at issue. But Plaintiff does not address the main issue of contention here—whether Plaintiff failed to disclose the *contact information* for those witnesses. Plaintiff does not dispute that he did not provide this information in his disclosures, despite his independent obligation to do so and Defendant's repeated—albeit, flawed—attempts to obtain it. Plaintiff also does not dispute Defendant's claims that Plaintiff was the sole custodian of this information.[4]

Plaintiff focuses most of his argument on the contention that Defendant was not diligent in seeking this discovery and therefore is not entitled to any relief. To some extent this is true. Defendant probably could have been more diligent about correcting the discovery errors Judge Foley identified and pushing Plaintiff to comply with his Rule 26 obligations. However, the Court finds that Defendant's failure is excusable. It was not until the Proposed Pretrial Order that Defendant was made aware of how to contact these witnesses and that Plaintiff intended to rely on their testimony at trial. Taking into account all of these relevant circumstances, the Court finds there was excusable neglect for Plaintiff's failure to file his Motion for Discovery earlier.

In the Court's view, then, this dispute boils down to whether Plaintiff's actions were "harmless," or whether they served to deprive Defendant of a meaningful opportunity to obtain discovery from the witnesses Plaintiff named in his Proposed Pretrial Order. Based on a review of the entirety of the docket filings in this case,[5] the Court finds that Plaintiff did not clearly interfere

---

[4] Plaintiff does not dispute Defendant's assertions that he was otherwise unable to contact witnesses that were employed by Plaintiff. *See* ECF Nos. 64 (Defendant's Emergency Motion to Compel); 64-1 and 64-2 (exhibits showing Defendant's emails to Plaintiff's employees, Claudia Perez and Lydia High, were returned undelivered); 66 (Plaintiff's response to Defendant's Motion to Compel, consisting of three lines and no citations to authority, contending only that Defendant "has never formally requested [P]laintiff to provide any information"); 84 (Plaintiff's response to Defendant's Motion for Reconsideration, consisting of six lines and citing no authority, contending again that Defendant never formally requested discovery).

[5] *See Green v. Montana Dep't of Public Health & Human Servs.*, Case No. 12-cv-6-H-DLC, 2014 WL 12591834, at *3 n.1 (D. Mo. Jan. 3, 2014) ("[I]n evaluating the egregiousness of discovery non-compliance and crafting an appropriate remedy, the Court does feel it is appropriate to look at the totality of the circumstances and in so doing, to issue a remedy that is both restrained and consistent with the facts and context of the discovery dispute in question.").

with Defendant's ability to reach two of the witnesses: Wolfe Thompson and Claudia Perez. Wolfe Thompson's contact information was available to Defendant because he is one of Plaintiff's attorneys. The record also indicates that Defendant knew as early as January 2019 that Claudia Perez was also being represented by Thompson, and that any communications with her had to occur through him. *See* ECF No. 111-1 at 21-22 (emails between Defendant and Perez). There is no question that Defendant also knew Perez and Thompson were relevant witnesses. Indeed, Defendant listed both in his initial disclosures, and at one point in this suit attempted to add them both as parties "joint and severally liable" for various counterclaims Defendant asserted against Plaintiff.[6] *See* ECF No. 31. Defendant therefore had ample time and opportunity to seek discovery from these witnesses despite Plaintiff's disclosure violations, but he chose not to. Plaintiff's failure to affirmatively disclose Thompson and Perez as relevant witnesses was therefore harmless, and Rule 37(c) sanctions are not warranted as to them.

The same cannot be said, however, for the remaining witnesses on Plaintiff's Proposed Pretrial Order. Based on a review of the docket and the parties' assertions related to this dispute, the Court has determined that Plaintiff's disclosure violations prevented Defendant from gathering evidence from Ben Navon, John Hanna, and Scott Navratil, and therefore cannot be considered harmless. Plaintiff's Proposed Pretrial Order was the first time these three witnesses were affirmatively disclosed as relevant to Plaintiff's case, and it was the first time Defendant was put on notice that Thompson would serve as their conduit for any case-related contact.[7] Before the Proposed Pretrial Order, Defendant was left without a way to contact these witnesses. While a party, even when proceeding pro se, must comply with the Federal Rules of Civil Procedure,[8] the Rules do not address what Defendant is expected to do in circumstances like these. The Rules do not explain

---

[6] Judge Dorsey dismissed Defendant's counterclaims against Perez and Thompson for lack of subject matter jurisdiction. ECF No. 91.

[7] Plaintiff, again for the first time in his Motion for Attorney's Fees and Response to Defendant's Motion to Dismiss, now contends that Defendant "is aware the witnesses agreed to be contacted through Wolfe Thompson, Esq. and has been in direct communication with the witnesses." ECF. 141 at 4 n. 27. Plaintiff does not provide support for that assertion. Nor does he indicate, if the assertion is true, *when* Defendant was made aware of this arrangement. The Court draws the reasonable inference that Defendant is now aware the witnesses agreed to be contacted by Thompson because he was listed as such in Plaintiff's Proposed Pretrial Order. Plaintiff provides no information for the Court to conclude that he was aware of the arrangement earlier.

[8] *See e.g., Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se litigants should not be treated more favorably than parties with attorneys of record).

the fairly standard practice of asking opposing counsel whether they are able to accept subpoenas or Notices of Deposition for non-party witnesses that are employed or otherwise connected to that opposing party. Without affirmative disclosure of these witnesses, or any notice that Defendant could have contacted Thompson to schedule their depositions, the Court finds that Defendant did not have a meaningful opportunity to obtain relevant information from them, and therefore that Plaintiff's failure to disclose information for Navon, Navratil, and Hanna was not harmless.

In light of these findings, the Court has determined that the appropriate sanction here is to reopen discovery for the limited purpose of allowing Defendant to depose[9] John Hanna, Scott Navratil, and Ben Navon—the three witnesses listed on Plaintiff's Proposed Pretrial Order for which Defendant was not given contact information during the discovery period. The Court believes this solution will allow Defendant the opportunity to gather sufficient relevant evidence for his defense, while causing the least prejudice to both parties and limiting further delay to these proceedings.[10]

The Court rejects Defendant's assertion that including Thompson's address for all witnesses amounts to obstructing access to them—party attorneys may serve as points of contact for witnesses if they agree to that arrangement. However, considering Thompson's role as a potential trial witness in this case, the Court orders Plaintiff to either provide additional contact information for John Hanna, Scott Navratil, and Ben Navon or notify Defendant that Plaintiff's non-witness attorneys is serving as the contact for these witnesses, if each agrees to such an arrangement.[11]

---

[9] In his Motion, Defendant argues that the witnesses "should be disclosed in order for Defendant to serve them with Discovery requests and Interrogatories." ECF No. 133 at 4. Defendant is advised that only parties to a lawsuit are required to respond to timely filed Interrogatories and Requests for Admission that comply with Federal Rules of Civil Procedure 33 and 34. A party seeking testimonial discovery from non-party witnesses must depose those witnesses in accordance with Rules 30 and 31, and normally must notify those witnesses of their intent to depose through a subpoena, in accordance with Rule 45. To streamline this reopened discovery period and limit further motions practice, the Court will only permit Defendant to conduct oral depositions of the three witnesses listed above. To the extent that Defendant asks this Court for leave to serve the at-issue witnesses with interrogatories or other forms of discovery that are not depositions by oral questions, that request is denied.

[10] To the extent Defendant asks the Court to exclude the at issue-witnesses from testifying at trial, that request is denied. The Court has carefully considered the available sanctions for Plaintiff's failure to disclose witnesses and has determined that the drastic sanction of excluding witnesses from testifying is not warranted.

[11] In a footnote, Plaintiff asserts that "Thompson became the point of contact for the proposed witnesses after Johnston appeared at the witnesses' places of work and exhibited menacing behavior…." ECF No. 142 at 8 n.53. Again, Plaintiff provides no evidence supporting this allegation, and Defendant denies it. Nevertheless, in the interest of ensuring witness safety and streamlining the deposition process, the Court strongly favors Plaintiff's non-witness counsel, or non-witness counsel retained by the witnesses, to serve as points of contact when scheduling these depositions.

Each deposition must be conducted by video or telephonic means, and last no more than three hours each. Defendant must arrange for a court reporter at each witness's location to swear in the witness and create a written transcript. Defendant must also provide the means for the deposition (i.e., a conference line or a link to a video conference). If Defendant chooses to take these depositions, all must be completed within 52 days of the date of this Order.

As to Defendant's contention that he was not provided with the documentary evidence Plaintiff lists in his Proposed Pretrial Order, such a claim is demonstrably false. Plaintiff attached each document listed in the Proposed Pretrial Order to his Requests for Admissions, to which Defendant was able to review and respond. Defendant does not point to any specific evidence listed in the Proposed Pretrial Order that was not produced during the discovery period. Therefore, any request to provide Defendant with the evidence listed on Plaintiff's Proposed Pretrial Order or any other documentary evidence is denied.

### B. The Court Recommends Defendant's Requested Sanction of Dismissal be Denied.

As recognized by the Ninth Circuit, a case-dispositive sanction is "very severe." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Courts consider five factors to determine if a case-dispositive sanction is warranted: (1) the public's interest in an expedited resolution of the matter; (2) the court's need to manage its dockets; (3) the risk of prejudice to the moving party; (4) the public policy favoring resolution of matters on the merits; and (5) the availability of less drastic sanctions. *Id*. The fifth factor includes considerations of whether a district court (1) considered lesser sanctions, (2) tried lesser sanctions; and (3) warned the offending party about case dispositive sanctions. *Id*.

As stated above, the Court has determined that the less drastic alternative of reopening discovery for the limited purpose of deposing John Hanna, Scott Navratil, and Ben Navon is sufficient to resolve this dispute. The Court therefore recommends that Defendant's Motion to Dismiss (ECF No. 138) be denied.

        C.      <u>Defendant's Request for Judicial Notice and "Notice of FOIPA FBI Request are Denied</u>.

Defendant asks this Court to take judicial notice of various information contained on third-party websites and several unauthenticated photographs. ECF No. 145. Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Pursuant to Fed. R. Evid. 201(b)(2), a presiding court may "judicially notice a fact that is not subject to reasonable dispute [when] it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Plaintiff opposes the request. ECF No. 148.

The documents of which Defendant asks this Court to take judicial notice—screenshots of various websites, social media posts, and various photographs from an unknown source—are not the types of evidence suited to judicial notice. The third-party websites for which Defendant seeks judicial notice include Wikipedia, Facebook, "cqvip.com," and various university websites. Defendant provides only cropped screenshots of each. These are not sources whose accuracy cannot be questioned. *See Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1028-1029 (C.D. Cal. 2015) (noting that, generally "courts are hesitant to take notice of information found on third party websites and routinely deny requests for judicial notice, particularly when the credibility of the site's source information is called into question by another party" and collecting cases). Similarly, the pictures Defendant includes in his request come from an unknown source; so, their accuracy cannot be determined. Defendant's request for judicial notice (ECF No. 145) is denied.

Defendant also filed a "Notice of FBI FOIPA Request – Discovery." ECF No. 134. Presumably, the Notice was filed to inform the Court that Defendant has submitted a FOIPA request seeking information about Plaintiff that could assist in his defense. Plaintiff responded to the Notice, asking the Court to "deny [Defendant's] attempt to conduct untimely and frivolous discovery." ECF No. 140. Defendant's Notice does not request any relief that the Court may grant or deny. It does not present new evidence for the Court's consideration and fails to ask that the Court do anything with the information Defendant seeks through his FOIPA request. To the extent Plaintiff is asking the Court to exclude any evidence that may be obtained from Defendant's FOIPA submission, the request is more properly made through a motion in limine.

D.     <u>Plaintiff's Countermotion for Attorney's Fees is Denied</u>.

In response to Defendant's recent filings in this case, Plaintiff filed a Countermotion for Attorney's Fees contending that Defendant acted in bad faith by filing multiple motions concerning the same discovery dispute so many months after discovery closed. Plaintiff points to statements made by Defendant via email in January 2019 implying that he intended to be a vexatious litigant. ECF No. 142 at 10 (citing ECF No. 116-1 at 14).[12]

District Courts have the inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975) and *citing Hall v. Cole*, 412 U.S. 1, 5 (1973)). In addition, Rule 11 also allows for attorney's fees to be assessed as a form of sanction where a filing "is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.2d 982, 985 (9th Cir. 1997).

As discussed above, the Court does not find evidence that Defendant's actions are frivolous or taken in bad faith. It appears participation in the discovery process was saturated with acrimony from both parties, and both parties engaged in conduct that was not within the spirit of the Federal Rules of Civil Procedure. The Court will not take angry statements from Defendant, made at the inception of this case, as proof that his current Motions were filed in bad faith. Rather, the Court credits Defendant's assertions that he was surprised at seeing the same witnesses for which he could not obtain contact information listed on Plaintiff's Proposed Pretrial Order and filed these Motions in response. While Defendant was prolific in his filings related to this matter, each Motion or request he docketed was asking for different relief or for a distinct purpose. Plaintiff's Countermotion for Attorney's Fees is therefore denied.

---

[12] Plaintiff also contends that Defendant's continued IFP status allows him to file these Motions without paying filing fees and implies that such status is evidence of Defendant's bad faith. ECF No. 142 at 9-10. Parties do not pay filing fees for filing individual motions in a case. The Court does not see a connection between Defendant's IFP status and a showing of bad faith. To the extent Plaintiff is requesting that the Court revoke Defendant's IFP status, he must file a separate action seeking such relief.

   E. <u>Plaintiff's Motion for Protective Order is Granted</u>.

In December 2020, Defendant served four discovery requests, each titled "Deposition by Admissions," upon Plaintiff that totaled approximately 600 admission requests, not including subparts. ECF No. 149-1–149-4. Each request seeks responses from Plaintiff and 21 additional witnesses on a range of topics, including "Surveillance," "Employment," "Work Environment," and "China." *Id*. Plaintiff filed a Motion for Protective Order requesting the Court excuse Plaintiff from any obligation to respond and preclude Defendant from serving additional discovery requests unless and until the discovery period is reopened by the Court. ECF No. 149. Defendant did not file a response. Pursuant to this Court's Local Rules, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).

Accordingly, the Court grants this Motion insofar as it is consistent with this Order. That is, Plaintiff is excused from responding to any written discovery requests delivered after August 29, 2019, and Defendant is precluded from serving Plaintiff with additional written discovery requests. The only discovery that may be conducted during this reopened discovery period is the depositions of John Hanna, Scott Navratil, and Ben Navon, within the confines articulated in this Order.

**III. ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Discovery (ECF No. 133) is GRANTED in part as follows:

- Plaintiff is ordered to provide additional contact information for John Hanna, Scott Navratil, and Ben Navon within seven (7) court days of this Order.
- Plaintiff's non-witness attorneys may serve as their contact if the witnesses agree to such an arrangement.
- Each deposition must be conducted by video or telephonic means, and last no more than three hours each.
- Defendant must provide for a court reporter at each witness's location to swear in the witness and create a written transcript. Defendant must also provide the means for the deposition (i.e., a conference line or a link to a video conference meeting).

- These depositions, if Defendant chooses to take them, must be completed within **52 days** of the date of this Order.

IT IS FURTHER ORDERED that except as stated immediately above, Defendant's Motion for Discovery (ECF No. 133) is otherwise DENIED.

IT IS FURTHER ORDERED that Defendant's Request for Judicial Notice (ECF No. 145) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees (ECF No. 142) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Protective Order (ECF No. 149) is GRANTED in part and DENIED in part.  Plaintiff is excused from responding to any written discovery requests delivered after August 29, 2019, and Defendant is precluded from serving Plaintiff with additional written discovery requests.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss for Prejudicial Discovery Violations (ECF No. 138) be DENIED.

Dated this 14th day of April, 2021

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).