**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dominic Marrocco,

     Plaintiff

v.

David Johnston, et al.,

     Defendants

Case No.: 2:18-cv-02441-JAD-EJY

**Order Denying Motions to Dismiss, to Strike, and for Attorneys' Fees**

[ECF Nos. 163, 166, 167]

     More than three years ago, Dominic Marrocco brought this defamation lawsuit against David Johnston in the wake of their soured business relationship. After filing numerous improper motions, pro se defendant Johnston again moves to dismiss.[1] Marrocco opposes the motion, moves to strike it,[2] and seeks attorneys' fees for the expenses incurred in responding to it.[3] As Marrocco points out, the court-set deadline for the filing of dispositive motions—September 20, 2019[4]—has long passed.[5] So because Johnston's motion to dismiss is untimely, I deny it.[6] And I thus deny Marrocco's motion to strike the motion to dismiss as moot.

     Marrocco asks the court to sanction Johnston by awarding Marrocco $7,500 in attorney's fees, contending that "[t]he docket in this matter has ballooned out of control" and that Johnston

---

[1] ECF No. 163.

[2] ECF No. 166.

[3] ECF No. 167.

[4] ECF No. 55 at 2 (scheduling order).

[5] ECF No. 166 at 2.

[6] I also note that motions to dismiss are limited to 24 pages. L.R. 7-3. Although Johnston's motion itself is 18 pages long, the "brief in support" that he attaches as an exhibit is 34 pages long, equaling 52 pages total. *See* ECF No. 163; ECF No. 163-1. As Marrocco correctly observes, this is a "transparent attempt to skirt the rules by submitting an oversized brief broken into two pieces" and is therefore impermissible. ECF No. 166 at 11.

1  "is proceeding in bad faith to intentionally increase litigation costs and oppress Marrocco."[7]

2  Because this matter is ongoing, I deny Marrocco's motion for attorneys' fees without prejudice

3  to his ability to re-file it at the conclusion of this case.  Lastly, the parties attempted to settle this

4  matter on October 14, 2020, but no settlement was reached.[8]  As a year and a half have passed

5  since that attempt, I order the parties to again participate in a mandatory settlement conference

6  and try to resolve this case.  If it fails to resolve, the case will proceed to trial.

7  **Conclusion**

8  IT IS THEREFORE ORDERED that Johnston's motion to dismiss **[ECF No. 163]**,

9  Marrocco's motion to strike **[ECF No. 166]**, and Marrocco's motion for attorneys' fees **[ECF**

10  **No. 167] are DENIED**.

11  IT IS FURTHER ORDERED that this case is **REFERRED to the magistrate judge for**

12  **a mandatory settlement conference** between the remaining parties.

13

14  _____
U.S. District Judge Jennifer A. Dorsey
April 14, 2022

15

16

17

18

19

20

21

22

23  _____
[7] ECF No. 166 at 22–23; ECF No. 167; ECF No. 167-1; ECF No. 167-2.
[8] ECF No. 132.