UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Dominic Marrocco,<br><br>    Plaintiff<br><br>v.<br><br>David Johnston, et al.<br><br>    Defendants | Case No.: 2:18-cv-02441-JAD-EJY<br><br>**Order Denying Motion for Declaratory Judgment and Motion to Strike**<br><br>[ECF Nos. 184, 190] |

    Dominic Marrocco sues pro se defendant David Johnston and his company Equiinet, Inc. for slander and intentional infliction of emotional distress, alleging that Johnston used social media to publish false claims that Marrocco committed crimes.[1] With trial approaching and settlement talks stalled, Johnston brings a "motion for declaratory judgment," seeking a declaration that he owns certain patents in order to further settlement negotiations.[2] Marrocco responds that Johnston's motion is "procedurally deficient" and unsupported by the evidence, and he "seeks attorneys' fees incurred in responding to Johnston's [m]otion."[3]

    Johnston's motion is denied because "a party may not make a *motion* for declaratory relief"; rather, a "party must bring an action for a declaratory judgment."[4] Johnston cites no authority to the contrary, and he has no counterclaims.[5] That the court has jurisdiction over this

---

[1] ECF No. 1.

[2] ECF No. 184 at 1, 3, 5.

[3] ECF No. 187 at 1–3. Marrocco separately moves to strike the declaratory-judgment motion. ECF No. 190. Because I deny the declaratory-judgment motion, I deny as moot Marrocco's motion to strike it.

[4] *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (emphasis added) (citing *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y.1995)).

[5] ECF No. 91; ECF No. 102.

case[6] and that federal courts can provide declaratory relief[7] does not relieve Johnston from complying with procedural requirements, local rules, and court orders.  Because Johnston has not pled and litigated a declaratory-relief claim at any point in this five-year-old case, the court cannot seriously consider his motion.

     I also do not consider Marrocco's request for attorneys' fees embedded in his response because it fails to comply with this court's procedural rules.  Local Rule IC 2-2(b) requires that for "each type of relief requested . . . a separate document must be filed."[8]  And Local Rule 54-14 requires a motion for attorney's fees that includes itemizations of work performed and costs; a summary of thirteen categories of information designed to justify the award; and an attorney affidavit authenticating the information.[9]  Marrocco's request satisfies neither rule.  Even if Marrocco had brought a properly supported motion, I would likely deny it without prejudice to his ability to re-file it at the conclusion of this case, as I stated in an order last year with respect to a similar request for attorneys' fees.[10]

---

[6] ECF No. 192 at 1.
[7] *Id.* at 2–4.
[8] L.R. IC 2-2(b).
[9] L.R. 54-14.
[10] ECF No. 170 at 2.

**Conclusion**

IT IS THEREFORE ORDERED that Johnston's motion for declaratory judgment **[ECF No. 184] is DENIED**.

IT IS FURTHER ORDERED that Marrocco's motion to strike that motion **[ECF No. 190] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
February 2, 2023